IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Dawn Ross, ) | Civil Action No. 4:19-cv-00339-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Andrew M. Saul, *Commissioner of* ) | |
| *Social Security Administration*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This action arises from Plaintiff Dawn Ross's application to the Social Security Administration seeking disability insurance benefits ("DIB") under the Social Security Act ("the Act"), 42 U.S.C. § 405(g). The matter before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), which recommends that the court reverse the Commissioner's decision. (ECF No. 17 at 26.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 17), **REVERSES** the decision of the Commissioner, and **REMANDS** this action for further administrative proceedings.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 17 at 1–17.) As a brief background, on December 29, 2017, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled for purposes of the Act and denied Plaintiff's claim for DIB. (*Id.* at 1 (citing ECF No. 10-2 at 18–38).) Although the ALJ found that Plaintiff possessed severe impairments which included, "Degenerative Disk Disease of her Lumbar Spine; Fibromyalgia Syndrome; Rheumatoid Arthritis; Hip Bursitis; Right Carpal Tunnel Syndrome; Reynaud's Disorder; and, Obesity. . ." the ALJ

1

concluded that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1[.]" (*Id.* at 14 (citing 10-2 at 18–38).) Additionally, the ALJ found that Plaintiff:

> had the residual functional capacity ("RFC") to perform light work . . . with the following additional limitations. She [could] stand or walk two hours and sit six hours during an eight-hour workday. She [could] never climb ladders, ropes, scaffolds. The claimant [could] occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or scaffolds. Furthermore, she [could] frequently handle and finger. She [could] have frequent exposure to hazards.

(*Id.*) As such, the ALJ concluded that Plaintiff did not fall within the scope of the Act and therefore was not entitled to DIB. (*Id.*)

On February 5, 2019, Plaintiff filed a Complaint seeking judicial review of her DIB application (ECF No. 17 at 2 (citing ECF No. 1).) In the complaint, Plaintiff claimed that the "ALJ failed to properly [consider] Listings 14.02A and 14.06A." (*Id.* at 18.). On May 19, 2020, the Magistrate Judge issued a Report recommending that this court reverse and remand the case for further proceedings because "the court [could] not find that the ALJ's decision was supported by substantial evidence without analysis of applicable Listings[.]" (*Id.* at 25–26.) Specifically, the Magistrate Judge noted that "the ALJ is to consider the effect of all impairments, even impairments found as non-severe, throughout all five steps." (*Id.* at 19 (citing 20 C.F.R. § 404.1545(a)(2)).) Furthermore, the Magistrate Judge noted that "the ALJ must identify the relevant listed impairments and then compare the listing criteria with evidence of claimant's symptoms." (ECF No. 17 at 19 (citing *Cook v. Heckler*, 783 F.2d 1168 (4th Cir. 1986)).) The Report also provides: "[b]ecause the ALJ did not recognize that Listings 14.02A and 14.06A were identifiable as relevant listed impairments and thus did not compare the listing criteria with evidence of claimant's symptoms, as required, the court looks to whether this was harmless or harmful error . . . [by] focusing on the criteria of involvement of two or more organs/body systems." (*Id.* at 22–23 (citing

ECF Nos. 10-10 at 25, 36; 10-11 at 9, 13).) Moreover, "[t]he ALJ did not address Listings 14.02 and 14.06 [and] . . . found lupus as non-severe" because Plaintiff's lack of skin rash did not her reduce her functionality. (*Id.* at 19, 21.) As such, the Magistrate Judge concluded hat "the court [could] not find that the ALJ's decision is supported by substantial evidence without analysis of applicable Listing[.]" (*Id.* at 25.)

On May 29, 2020, the parties were apprised of their opportunity to file specific objections to the Report, and that specific objections to the Report were due by June 2, 2020. (*Id.* at 27.) In a Reply filed on June 1, 2020, the Commissioner explained that he "[did] not intend to file objections to the Magistrate Judge's [Report]." (ECF No. 18 at 1.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the

Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199. Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. *See* 28 U.S.C. § 636(b)(1). The court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant case and finds that there is no clear error in the Report. *See Diamond*, 416 F.3d at 315.

### IV. CONCLUSION

After a thorough review of the evidence and the record, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 17), **REVERSES** the decision of the Commissioner, and **REMANDS** this action for further administrative proceedings regarding the issues discussed in this order.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 19, 2020
Columbia, South Carolina